**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **DAVID WALKER**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**MIDLAND CREDIT MANAGEMENT, INC.**<br><br>**Defendant.** | ) | **Case No.:**<br><br>**COMPLAINT**<br><br>**AND**<br><br>**JURY DEMAND** |

Plaintiff, David Walker (hereinafter "Plaintiff"), by and through his undersigned attorneys, alleges against Midland Credit Management (hereinafter "Defendant") as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages arising from Defendant's violations of 15 U.S.C. § 1692, *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), a strict liability statute which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURSIDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1692k(d).

3. Venue is proper in this district under 28 U.S.C § 1391(b).

**PARTIES**

4. Plaintiff is a natural person, who at all relevant times has resided in Harris County, Texas and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant is a business entity located in California and is a "debt collector" as defined by 15 U.S.C § 1692a(6) that does business in Texas. Defendant also uses the instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of

debts and/or regularly collects or attempts to collect debts owed or asserted to be owed to another.

**FACTUAL STATEMENT**

1. Upon information and belief, on a date better known to Defendant, Defendant began to attempt to collect an alleged consumer debt from Plaintiff. The debt upon which Defendant sought collection originated with non-party Citibank, N.A. Upon information and belief, the debt accrued from the use of a revolving line of credit in which Plaintiff made various purchases over a period of time for his personal use. As the debt accrued from purchases made for Plaintiff's personal use, same is a debt as defined by 15 U.S.C. §1692(a)(5).

2. Defendant sent a collection letter to Plaintiff, dated February 22, 2017, in an attempt to collect the alleged debt. The bottom of the first page of the letter stated: "(t)he law limits how long a debt can appear on your credit report. Due to the age of this debt, we will not report payment or non-payment of it to a credit bureau."

3. The February 22, 2017 letter that was sent also contained a page that indicated that the original creditor was non-party Citibank, N.A. and the alleged debt was charged off on February 26, 2015.

4. Under the Fair Credit Reporting Act, 15 U.S.C. §1681c *et seq*., collection accounts can remain on a credit report for seven years, plus 180 days, from the date of first delinquency. As such, assuming the original delinquency was in 2014, considering the charge-off date, this could still be reported to a credit reporting agency, and remain on a credit report, until 2021.

5. Therefore, the statement that Defendant will not report it "(d)ue to the age of the debt" is inaccurate and misleading. It gives the impression that Defendant is not reporting it because they may not legally do so, due to its "age."

6. While Defendant may have its reasons for not reporting this alleged debt, it still has the legal right to do so, which will continue for 7.5 years from the date of first delinquency. As such, the statement is misleading as the least sophisticated consumer could easily think that it is no longer capable of being reported, which is untrue. It can still be reported into 2021.

7. As such, Plaintiff has been damaged and is entitled to relief.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLECTIONS PRACTICES ACT**
**15 U.S.C. §1692e and e(2)(A)**

8. Plaintiff repeats and realleges the prior allegations as if set forth specifically herein.

9. Defendant's letter indicates they will not report payment or non-payment of the alleged debt to a credit bureau, "due to the age of this debt." This language is false and inaccurate and constitutes a violation of 15 U.S.C. §1692e since it is a false, deceptive or misleading representation or means in connection with the collection of any debt. The age of the debt will not, at this time, prevent its being reported to a credit bureau.

10. Defendant's letter also violates 15 U.S.C. 1692e(2)(A) since it improperly mischaracterizes the legal status of the debt as being legally incapable of being reported to a credit bureau, which is inaccurate.

11. As a result, Plaintiff has been damaged and is entitled to relief.

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

## RELIEF

WHEREFORE, Plaintiff requests that this Court enter judgment against the Defendant as follows:

A. Declaring the Defendant's actions, as described above, in violation of the FDCPA;

B. For statutory and/or actual damages, pursuant to 15 U.S.C. § 1692k(a)(1) and 15 U.S.C. §1692k(a)(2)(A);

C. For costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §1692k(a)(3);

D. Enjoining Defendant from further violations of 15 U.S.C. §1692g, *et seq*.

E. For such other and further relief as may be just and proper.

Date: July 25, 2017

s/Seth Crosland
Seth Crosland, Esq.
Texas Bar # 24069551
Crosland Law Firm
320 Decker Drive, Suite 100
Irving, TX 75062
Telephone: 972-591-6919
Fax: 972-408-0713
Email: seth@croslandlawfirm.com
*Attorneys for Plaintiff*

Of Counsel:
Law Offices of Michael Lupolover, P.C.
120 Sylvan Avenue, Suite 303
Englewood Cliffs, NJ 07632
Telephone: 201-461-0059
Fax: 201-608-7116
Email: rc@lupoloverlaw.com
*Attorneys for Plaintiff*

